IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-CV-00816-EWN-BNB

CHARLOTTE VIGIL,

    Plaintiff,

vs.

SAFEWAY INC.,

    Defendant.

## STIPULATED PROTECTIVE ORDER

THIS MATTER having come before the Court on the stipulation of Plaintiff Charlotte Vigil, by and through her counsel James Carleo, and Safeway Inc., by and through its counsel Holland & Hart, LLP, concerning the production of certain documents in this action, and the Court being fully advised, enters the following Protective Order under Fed. R. Civ. P. 26(c):

    A.    All production and disclosure of "Confidential Information" – as defined in paragraph B, below – shall be governed by this Order.

    B.    "Confidential Information" as used herein includes and may be claimed with respect to personnel files of present or former employees of Defendant other than Plaintiff, as well as confidential and proprietary business information of Defendant. The parties shall ~~endeavor to~~ limit the designation of information as Confidential Information to the information that genuinely warrants the protection provided by the terms of this Order.

C. Confidential Information shall be used solely for the purpose of prosecution or defense of this action, and such documents may be used, consistently with the terms of this Order, and, without limitation, in pretrial discovery and at the trial or preparation for trial and any appeal of this action. The use of Confidential Information at trial **shall be raised by separate motion at a time reasonably before the trial of the case.** ~~or at depositions shall not be deemed a waiver of the protections of this Order, and the parties and their attorneys shall be required to comply with the terms of this Order other than in the presentation of evidence at trial.~~

D. All Confidential Information shall be marked by placing on the initial page or cover of a multi-page document (including deposition transcripts), one of the following designations, or a designation containing the same information, but in a different format:

    1. "CONFIDENTIAL"; or

    2. "CONFIDENTIAL INFORMATION – THIS DOCUMENT IS SUBJECT TO A PROTECTIVE ORDER."

In lieu of marking the original documents, the party may mark the copies that are produced or exchanged.

A. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as

CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

     B.    Confidential Information identified in accordance with paragraph B of this Protective Order shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

        1.    Any attorneys, including in-house counsel, actively working on this case and law clerks, paralegals, office clerks, and secretaries working under their supervision;

        2.    The parties; provided, however, that with the exception of papers filed with the Court and exhibits thereto, the parties may not be provided with or retain copies of any such material and may review such material only at the offices of their counsel;

   3. Current directors, officers, and employees of Defendant who need to see such documents to assist in the preparation for and trial of this matter;

   4. Any court reporter engaged in connection with this matter (or any of his or her staff or employees)

   5. The Court and its employees;

   6. Any expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

   7. Any person reasonably expected to testify as a witness at trial; and

   8. Other persons by written agreement of the parties.

 A. To the extent that any filing with the Court would reveal or tend to reveal any Confidential Information protected by this Order, any such Confidential Information shall be filed separately under seal, with a copy of this Order attached thereto, in compliance with D.C.COLO.LCivR 7.3.

 B. Producing or receiving materials or otherwise complying with the terms of this Order shall not:

   1. Operate as an admission by any party that any particular discovery material contains or reflects any Confidential Information;

   2. Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or

        otherwise protected from or limited in discovery on the basis of privilege or otherwise;

3. Prejudice in any way the rights of a party to seek a court determination whether particular discovery materials should be produced;

4. Prejudice in any way the rights of any party to apply to the Court for any additional protection with respect to the confidentiality of documents or information as that party may consider appropriate.

A. This Order shall continue to be binding throughout and after the conclusion of the trial, including any appeal thereof. Upon final termination of this matter, whether by judgment, settlement, or otherwise, all confidential material (and any copies thereof) shall be returned, upon request, to the party who produced such material. All briefs, pleadings, or other filings with the Court, or attorney work product which incorporates or discloses confidential material may remain in the possession of counsel, and need not be destroyed, but shall remain subject to this Order.

B. The terms of this Order may be modified only by further order of the Court.

Dated July 30, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

APPROVED BY:

s/ James A. Carleo
James A. Carleo
503 North Main Street, Suite 658
Pueblo, Colorado 81003

**ATTORNEY FOR PLAINTIFF**

s/ Vivian M. Barrios
Jim Goh
Vivian M. Barrios
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Post Office Box 8749
Denver, Colorado 80202

**ATTORNEYS FOR DEFENDANT**

3728937_1.DOC